# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 5, 2014 Session

## WILLIAM CALDWELL HANCOCK v.
## BOARD OF PROFESSIONAL RESPONSIBILITY
## OF THE SUPREME COURT OF TENNESSEE

**Direct Appeal from the Chancery Court for Davidson County**
**Nos. 11-1816-IV & 11-1797-IV     Donald P. Harris, Special Judge**

_____

**No. M2012-02596-SC-R3-BP - Filed September 3, 2014**

_____

GARY R. WADE, C.J., concurring in part and dissenting in part.

I concur in the lead opinion's conclusions that (1) Mr. Hancock violated Tennessee Supreme Court Rule 8, RPC 3.5(b); (2) the disciplinary authority of this Court is not preempted by the Federal Rules of Bankruptcy Procedure; (3) discipline imposed pursuant to Tennessee Supreme Court Rule 8, RPC 8.2 requires that the false statement about a judicial or legal official be communicated to a third party; and (4) the chancery court erred by modifying the judgment of the hearing panel to include violations of Rules of Professional Conduct 3.2, 3.4(c), 8.4(a), and 8.4(d). I disagree, however, with the conclusion that Mr. Hancock violated Tennessee Supreme Court Rule 8, RPC 3.5(e), and the imposition of a thirty-day suspension. Because I cannot find a basis to suspend Mr. Hancock for his offensive misbehavior, I would hold that a public reprimand is the appropriate sanction in this case.

Rule 3.5(e) of the Rules of Professional Conduct states that "[a] lawyer shall not . . . engage in conduct intended to disrupt a tribunal." Tenn. Sup. Ct. R. 8, RPC 3.5(e). As pointed out in the lead opinion, an attorney's ethical obligation to avoid such conduct extends to "any proceeding of a tribunal, including a deposition," Tenn. Sup. Ct. R. 8, RPC 3.5 cmt. 6, and the attorney's conduct "need not occur inside the courtroom to be disruptive to a tribunal." Ann. Mod. Rules Prof. Cond., Rule 3.5 (7th ed. 2011). The lead opinion does not, however, explore the meaning of "tribunal," which is defined as follows:

> (m) "Tribunal" denotes a court (including a special master, referee, judicial commissioner, or other similar judicial official <u>presiding over a court</u>

proceeding), an arbitrator in a binding arbitration proceeding, or a legislative body, administrative agency, or other body acting in an adjudicative capacity. A legislative body, administrative agency, or other body acts in an adjudicative capacity when a neutral official, after the presentation of evidence or legal argument by a party or parties, <u>will render a binding legal judgment directly affecting a party's interests in a particular matter</u>.

Tenn. Sup. Ct. R. 8, RPC 1.0(m) (emphasis added).  The plain language of this definition somewhat limits the scope of when a court (or a substitute judicial official) may be considered a "tribunal" for purposes of the Rules of Professional Conduct.  Specifically, the definition contemplates that the judicial official will be "presiding over" a proceeding and, at some future time, "will render" a judgment in a particular matter.

In this instance, the bankruptcy judge to whom Mr. Hancock directed his email was no longer <u>presiding over</u> the bankruptcy court proceeding at the time of Mr. Hancock's offensive misconduct.  The bankruptcy court entered its final judgment on December 9, 2008, whereas Mr. Hancock did not send the email until September 28, 2009, more than nine months later.  At that point, there could be no possibility that the bankruptcy judge was going to "render a binding legal judgment directly affecting a party's interests in [the Barnhill's] matter," such judgment having already been entered.  In fact, by the time Mr. Hancock sent his email to the bankruptcy judge, the district court had already entered its September 23, 2009 order affirming the bankruptcy court's judgment, and Mr. Hancock was already in the process of appealing to the Sixth Circuit Court of Appeals.  In consequence, although I agree that Mr. Hancock's email constituted an ex parte communication in violation of Tennessee Supreme Court Rule 8, RPC 3.5(b), I cannot interpret this misconduct as "intend[ing] to disrupt a tribunal" as defined by RPC 3.5(e).

When an attorney is found to have violated Rule 3.5 of the Rules of Professional Conduct, we refer to the presumptive sanctions of Standard 6.3 in the American Bar Association's Standards for Imposing Lawyer Sanctions.  The lead opinion upholds Mr. Hancock's thirty-day suspension based upon Standard 6.32, which provides that "[s]uspension is generally appropriate when a lawyer engages in communication with an individual in the legal system when the lawyer knows that such communication is improper, <u>and</u> causes injury or potential injury to a party or <u>causes interference or potential interference with the outcome of the legal proceeding</u>."  (Emphasis added.)  Because a judge is not a "party" to a proceeding, the application of Standard 6.32 in this case would require that by sending the inappropriate email to the bankruptcy judge, Mr. Hancock "cause[d] interference or potential interference with the outcome of the legal proceeding."

Under these circumstances, where the email was sent more than nine months after the bankruptcy judge had issued a final judgment, Mr. Hancock's misconduct could not have interfered, either actually or potentially, with the outcome of the Barnhill's proceeding in the bankruptcy court. Specifically, because the bankruptcy judge was no longer presiding over the Barnhill's proceeding, Mr. Hancock's email of September 28, 2009, could not have influenced the decision of the bankruptcy judge or otherwise interfered with the judgment rendered on December 9, 2008. In my view, therefore, Standard 6.32 does not apply, and, instead, the appropriate sanction is found in Standard 6.34—"Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence in improperly communicating with an individual in the legal system." Considering the aggravating and mitigating factors in this case, I would impose a public reprimand rather than a thirty-day suspension.[1]

_____
GARY R. WADE, CHIEF JUSTICE

[1] My conclusion as to the appropriate sanction would remain the same even if Mr. Hancock were found to have violated Tennessee Supreme Court Rule 8, RPC 8.2(a), as advocated by Justice Clark in her separate concurring opinion. In that instance, the presumptive sanctions in ABA Standard 6.1 would apply. Standard 6.14, like Standard 6.34, provides for an "admonition."